IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10CV48-1-MU

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| N.C. DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), filed February 17, 2010.

Petitioner has filed the instant federal habeas petition[1] challenging his September 22, 2009, disciplinary convictions for disobeying an order.[2] According to Petitioner, on August 14, 2009, and August 15, 2009, a sergeant at the prison ordered him to perform extra work duty. Petitioner contends that due to severe back pain he refused to perform the requested work. Petitioner asserts that the nurse who was contacted informed the guard that Petitioner did not have any work restrictions that would prohibit him from performing the requested work. As a result, Petitioner was written up for disobeying an order. After a hearing on the matter, Petitioner received a sentence of sixty days solitary confinement and the loss of sixty days good time

---

[1] This case has been appropriately filed pursuant to 28 U.S.C. § 2254 "[b]ecause an action for restoration of good time credits in effect demands immediate release or a shorter period of detention, it attacks 'the very duration of . . . physical confinement.' and this lies at 'the core of habeas corpus.'" Preiser v. Rodriguez, 411 U.S. 475, 487 (1973).

[2] Petitioner also asserts an Eighth Amendment claim of cruel and unusual punishment. Such a claim is not proper in a federal habeas petition.

credit.[3]  Petitioner now asserts that his disciplinary conviction should be overturned because he was medically unable to perform the work he refused to do.  Petitioner alleges that at his disciplinary hearing the examiner refused to allow into evidence medical records that would refute the nurse's statements.  Petitioner asks the Court to overturn both of his infractions based upon due process violations and lack of evidence.

A review of the record reveals that Petitioner's claim is meritless.  While it is well-established that inmates have rights under the Constitution's Due Process Clause when prison actions deprive them of their liberty interests, these rights are "subject to restrictions imposed by the nature of the regime to which they have been lawfully committed."  See Wolff v. McDonnell, 418 U.S. 539, 556 (1973).  "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence."  Wolff, 418 U.S. at 566; see also Brown v. Braxton, 373 F.3d 501, 505 (4th Cir. 2004)(the right to call witnesses and present evidence at prison disciplinary hearing is not unqualified).  It is within prison official's discretion to deny requests to gather evidence or call witnesses and "their decisions are not to be lightly second-guessed by courts far removed from the demands of prison administration."  Brown, 373 F.3d at 505.

The Supreme Court has also stated that a decision by a disciplinary board to revoke good-time credits passes scrutiny under the Due Process Clause if there is some evidence in the record

---

[3] Interestingly, Petitioner, in a prior case (1:09cv432) based upon this same exact incident asserted only that he received a sentence of sixty days of solitary confinement for the disciplinary infractions at issue.  Petitioner made no mention of good time credits being taken from him.  If no good time credit were deducted from his sentence calculation, a federal habeas petition would not be the proper vehicle for his allegations.

to support the conclusions. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence to support such a conviction, nor any other standard greater than some evidence applies in this context." Id. at 456 (internal citations omitted). Federal courts will not review the entire record, weigh evidence, or assess witness credibility. Id. at 455-56. A disciplinary board's findings will be disturbed only when unsupported by any evidence or wholly arbitrary and capricious. Id. at 457; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (record of prison disciplinary hearing need not establish reliability of confidential informant to meet "some evidence" standard.)

The record[4] reveals that Petitioner has received the due process to which he is entitled. Petitioner admitted at his hearing that his medical file did not contain a medical restriction that would have excused him from performing the requested task due to his scoliosis diagnosis. Therefore, even if the hearing officer had allowed Petitioner's medical file into "evidence," the file does not include any medical work restriction precluding him from performing the work directed by the sergeant. Therefore, the Court, as outlined in Superintendent, Mass. Corr. Inst. v. Hill, finds that there was "some evidence" to support the decisions of the disciplinary officer in that the officer relied on the nurse's conclusion, after a review of Petitioner's medical file, that

---

[4] In reaching a decision in this case, the Court has taken judicial notice of the record in Petitioner's § 1983 case addressing the same disciplinary conviction. (1:09CV432.) In particular, the Court has reviewed the documents from Petitioner's disciplinary hearing and rehearing.

3

there was no reason apparent from Petitioner's medical file, that Petitioner could not perform the work directed by the sergeant. Id. at 454. Moreover, Petitioner was given the benefit of a re-hearing at the direction of the appellate hearing officer. Petitioner was found guilty after the re-hearing.

Petitioner has not established that his Due Process rights were violated or that no evidence existed to support his disciplinary convictions. As such, Petitioner has failed to sufficiently establish a federal habeas claim.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**; and

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: March 22, 2010

Graham C. Mullen
United States District Judge

4

Case 1:10-cv-00048-GCM   Document 4   Filed 03/22/10   Page 4 of 5